UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61228-CIV-COHN/SELTZER

MELISSA HEALY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (DE 20) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.

PROCEDURAL BACKGROUND

On August 1, 2008, Plaintiff Melissa Healy filed a Complaint (DE 1) seeking review of the final decision of the Commissioner denying her benefits under the Social Security Act, 42 U.S.C. § 405(g). Following the filing of the Commissioner's Answer to the Complaint (DE 10), Plaintiff filed a Motion for Summary Judgment (DE 13). Thereafter, the Commissioner filed a Motion for Remand (DE 16). On January 20, 2009, the District Court reversed the Commissioner's decision and remanded the case for further administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g) (DE 18). And on January 22, 2009, Plaintiff timely filed the instant Application for Attorney Fees under

the Equal Access to Justice Act, which includes an itemization of counsel's hours expended in this litigation (DE 20). The Commissioner has responded thereto and does not object to the amount of fees requested (DE 22); he, however, does object to the fees being paid directly to Plaintiff's attorney.

PETITION FOR ATTORNEY'S FEES

Plaintiff seeks attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, the Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust."[1] 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

The Court is empowered to grant "reasonable fees and expenses of attorneys" under the EAJA. 28 U.S.C. § 2412(b). Plaintiff's counsel expended a total of 23 hours at an hourly rate of $175.67. Under § 412(b), attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . [such] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

---

[1] The Commissioner bears the burden of demonstrating that the denial of benefits was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003); Damon v. Astrue, No. 06-C V-4112, 2008 WL 544826, at *1 (W.D. Ark. Feb. 26, 2008); Jenkins v. Astrue, No. 02:06cv388, 2008 WL 410575, at *1 (N.D. Ind. Feb. 12, 2008). The Commissioner has not challenged Plaintiff's fee application on this basis.

Plaintiff has requested an hourly rate in excess of $125 based on the increased cost of living, calculated using the Consumer Price Index for urban consumers.[2] The undersigned finds that a cost of living increase is warranted, and the Commissioner has not objected to the hourly rate sought.  See Thompson v. Astrue, No. 3:08-cv-355-J-MCR, 2009 WL 179670, at *2 (M.D. Fla. Jan. 26, 2009) (awarding EAJA fees at $175.76 hourly rate based on cost-of-living increase); Velez v. Astrue, No. 08-60911-CIV, 2009 WL 102441, at *2 (S.D. Fla. Jan. 14, 2009) (awarding EAJA fees at a $173.75 hourly rate based on cost-of-living increase as measured by the consumer price index); Souphalith v. Astrue, No. 06-CV-01410-H, 2009 WL 35471, at *3-4 (S.D. Cal. Jan. 5, 2009) (awarding EAJA at $170 hourly rate for services in 2008; "the cost of living increase under the EAJA is calculated according to the consumer price index for urban consumers (CPI-U) for the year in which the fees were earned"); see also Meyer v. Sullivan, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (noting that application of cost-of-living adjustment is "next to automatic").

The undersigned finds that the number of hours requested is reasonable and that the hourly rate is well-supported by law.  Multiplying the number of hours by the hourly rate results in total attorney's fees of $4,040.41.

Plaintiff requests that the fee award be paid directly to his attorney.  The Eleventh Circuit, however, has recently held that attorney's fees awarded under the EAJA are properly awarded to the plaintiff, not to the plaintiff's attorney.  Reeves v. Astrue 526 F.3d 732 (11th Cir. 2008).  Accordingly, the attorneys' fees sought should be paid to Plaintiff.

---

[2] For a calculation of the increased hourly rate sought based on the cost-of-living adjustment , see Memorandum of Law in Support of Plaintiff's Application for Attorney Fees at 6 (DE 20).

RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the District Court GRANT Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (DE 20) and award fees of $4,040.41to Plaintiff Melissa Healy.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 20th day of February 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record